THE STATE, EX REL. SHEWALTER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

(No. 69-100—Decided June 25, 1969.)

*Mr. Chester T. Freeman,* for appellant.
*Mr. Paul W. Brown,* attorney general, *Mr. Walter J. Howdyshell* and *Mr. Robert J. Dodd, Jr.,* for appellee.

*Per Curiam.* The facts are stipulated. The relator has two workmen's compensation claims. One claim is identified as No. 2062462, which is for an injury received to his low back on November 30, 1954, when he was lifting quarters of beef from a cooler. The other is claim No. 2368911, which is for an injury received when he slipped on the ice and sustained injuries to his right hip and low back on December 24, 1963. Both claims were recognized by the Industrial Commission of Ohio.

In claim No. 2062462, the Industrial Commission found the relator to have a rating of 40 per cent permanent partial disability in March 1957, and under the same claim a rating of 50 per cent permanent partial disability in March 1960, and made an appropriate award of compensation in each instance. In October 1963 the commission found 35 per cent disability under this claim.

14

With regard to claim No. 2368911, the commission's Medical Department found in February 1966 a minimal degree of disability and because of the previous awards in claim No. 2062462, made no further award.

An application for a lump-sum settlement under claim No. 2368911, filed in February 1967, was supported by a report of Dr. J. D. Hutchison, who estimated the relator's permanent partial disability to be 25 per cent, which disability was probably not related to the injury of 1954.

The specialist, to whom the relator was referred by order of the Industrial Commission, concluded after his examination that "I would estimate the disability on the over-all picture at some twenty to twenty-five (20-25) per cent, equally divided between the two claims."

An application for an increase in the disability rate was filed on behalf of the relator on April 24, 1967, and the Industrial Commission made an order dated March 17, 1967, and June 14, 1967, in claim No. 2368911, as follows:

"That claimant's Application for Lump-Sum Settlement filed February 16, 1967, be dismissed.

"That the commission find that the claimant does not have any percentage of permanent partial disability and there is, therefore, no basis for an award for this type of disability; that the C-92 filed April 6, 1965, be granted to the extent of this order."

The Industrial Commission made a decision and order dated March 17, 1967, and June 14, 1967, with regard to claim No. 2062462, as follows:

"That the commission find that claimant's percentage of permanent partial disability is no greater than that previously determined so that there is no basis for an additional award of compensation at this time, and the C-92 A filed April 27, 1967 is hereby denied.

"That Application for Lump-Sum Settlement filed February 16, 1967 in claim No. 2368911 be dismissed."

On June 29, 1967, relator filed an application for reconsideration of those Industrial Commission orders, stating that he should be entitled to an award of 12½ per cent permanent partial disability. The Industrial Commission

denied the application for reconsideration with regard to both claims and affirmed the orders of March 17 and June 14, 1967.

The question of law which this cause presents may be stated as follows:

In a workmen's compensation case, is the decision of the Industrial Commission refusing to make an award of compensation under Section 4123.57(B), Revised Code, upon the claimant's application for a determination of his percentage of permanent partial disability, a decision "other than a decision as to the extent of disability" under the provisions of Section 4123.519, Revised Code?

From the stipulation in this case, it is apparent that relator's right to participate in the State Insurance Fund has been established with regard to both claims. The only question which remains before the Industrial Commission is the amount of his participation in the fund, which amount depends upon the extent of permanent partial disability he has suffered as a result of his injuries.

Section 4123.519, Revised Code, is quite explicit. It provides in part:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. * * * "

Since the question before the Industrial Commission involved only the extent of permanent partial disability, the relator had no right of appeal from a determination of that question under the statutory provisions quoted above. Mandamus, under such circumstances, is a proper remedy. Paragraph one of the syllabus of *State, ex rel. Pressley*, v. *Indus. Comm.*, 11 Ohio St. 2d 141.

The case of *State, ex rel Foley, v. Greyhound Lines.* 16 Ohio St. 2d 6, is not dispositive of this case. At page 9 of the opinion in *Foley*, Judge Zimmerman stated:

"The 'extent' of Foley's disability is not involved. since he was awarded and is drawing the maximum benefits allowable for permanent total disability. His present

claim is based entirely on his right to *additional compensation* for the loss of a foot by the application of another section of the statutes.''

In the instant case, the only question is the "extent" of relator's permanent partial disability resulting from his second injury under claim No. 2368911.

The judgment of the Court of Appeals is, therefore, reversed, and, since it is undisputed in the stipulation of facts that all the evidence in the record supports an extent of permanent partial disability of at least 12½ per cent as a result of the second injury, which was recognized under claim No. 2368911, it is apparent that the Industrial Commission abused its discretion in denying to relator an award for permanent partial disability. The writ of mandamus prayed for by relator is, therefore, allowed.

*Judgment reversed and writ allowed.*

GRAY, MATTHIAS, O'NEILL, HESS and DUNCAN, JJ., concur.

GRAY, J., of the Fourth Appellate District, sitting for ZIMMERMAN, J. Because of the inability, "by reason of illness," of JUSTICE CHARLES B. ZIMMERMAN "to hear, consider and decide" this cause, JUDGE GRAY of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE ZIMMERMAN, and JUDGE GRAY did so and heard and considered this cause prior to the decease of JUSTICE ZIMMERMAN on June 5, 1969.

HESS, J., of the First Appellate District, sitting for HERBERT, J.

SCHNEIDER, J., concurring in the judgment. I have substantial doubt whether this case presents an issue of "extent" of disability. Therefore, I have resolved that doubt in favor of the claimant solely because of the fact that his counsel did not have the benefit of our decision in *State, ex rel. Foley,* v. *Greyhound Lines,* 16 Ohio St. 2d 6, which post-dated the filing of this action.

However, as to all future questions of this kind which post-date *Foley,* I am committed to the proposition that a claimant should file an appeal under Section 4123.519, Revised Code, in the Court of Common Pleas, and should protect himself further with a prayer for alternative relief in injunction. These matters should be disposed of by the two lower courts, unless they present questions appropriate to the jurisdiction of this court, which would be determined upon a motion to certify.

By way of anticipating the argument that my commitment is in furtherance of reducing the work-load of this court, I point out that when a court whose jurisdiction is largely discretionary, as ours is, becomes unduly burdened with repeated appeals of right in a narrow area of the law, its function as the general arbiter of the jurisprudence of the state is impaired to that extent and the public generally bears the burden of that impairment.