THE STATE, EX REL. HUTTON, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE, ET AL.

(No. 71-337—Decided January 26, 1972.)

*Mr. Harold Ticktin* and *Mr. Kenneth S. Kabb*, for appellant.

*Mr. William J. Brown*, attorney general, *Mr. R. Patrick Baughman* and *Mr. David J. Sherriff*, for appellee.

LEACH, J.  At the outset, it should be noted that no claim is made by or on behalf of the Industrial Commission that it would have any authority to deduct, from the determination of relator's percentage of permanent partial disability, the percentage determined in making an award to the same person in a separate claim which predated the injury in question.  In any event, our decision in *State, ex rel. Shewalter,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 12, would appear to preclude such authority, in the absence of a specific finding that a portion of a workman's present disability is unrelated to the claim under consideration.

Here, no claim is made by respondent that *any* of claimant's *present* disability is unrelated to the 1966 injury (PE 489065), or that it is in fact the result of the 1959 injury (PE 334883).

Instead of presenting the entire Industrial Commission file, as evidence, to the Court of Appeals, counsel for the commission attached to their brief some 24 exhibits, all being copies of pertinent portions of the file in No. PE 489065.  The "authenticity, correctness and admissibility" of such exhibits were stipulated by the parties, and it does not appear that either party was asserting that any other relevant evidence was, in fact, considered by the commission when it, in effect, rejected the finding of its own doctor, and awarded permanent partial compensation based on a disability of 15%.  With commendable candor, counsel for respondent conceded in oral argument before this court, that the 24 exhibits contain *all* of the *pertinent evidence*

from file No. PE 489065. Since no claim is being made that any of relator's present disability results from the 1959 injury, one may not speculate that there might be evidence in file No. PE 334883 to support the commission's order of July 14, 1970.

It, of course, is true that the complaint alleges that the 15% was computed by deducting the 1961 award of 25% in No. PE 334883, and that there was no evidence before the Court of Appeals to support that specific allegation.

In essence, therefore, we are left with a record containing evidence, all of which leads to the conclusion that relator, as of May 1970, had a permanent partial disability of 40% and none of which indicates any possible reason for an award of 15%. On the record, there is no showing that an award of 15% would be other than arbitrary.

In *State, ex rel. Szekely,* v. *Indus. Comm.* (1968), 15 Ohio St. 2d 237, we held, in paragraph four of the syllabus:

"Where there is substantial evidence to support the finding by the Industrial Commission on a question of fact, a court cannot, as an essential basis for awarding a writ of mandamus, substitute its finding on that question of fact for that finding by the Industrial Commission."

Where, however, there is *no evidence* in the record, either "substantial" or "insubstantial," to support or justify an order of the Industrial Commission awarding 15% permanent partial disability, and where all the evidence in the record supports an extent of permanent partial disability equal to 40%, the action of the Industrial Commission in awarding only 15% disability constitutes an abuse of discretion, subject to correction by an action in mandamus. See *State, ex rel. Shewalter,* v. *Indus. Comm., supra* (19 Ohio St. 2d 12).

If, in fact, there was some reasonable basis for the commission's rejection of its own doctor's finding, such should not be left to mere speculation, but should have been placed in evidence and thus have become a part of the record of this case.

While the commission may, of course, reject the find-

ings or recommendations of its staff, such simply cannot be done arbitrarily. *State, ex rel. Coen,* v. *Indus. Comm., supra* (126 Ohio St. 550), relied upon by respondent, does not hold that an arbitrary finding, unsupported by any evidence, may be made by the commission. In fact, the opinion concluded that the "commission's finding is a logical one and is within the terms of the application filed."

While a broad discretion may be vested in administrative officers, such discretion does not permit a mere arbitrary choice, and where the record indicates no possible basis for the choice adopted except an arbitrary rejection of all pertinent evidence relating to the subject under consideration, an abuse of discretion has been shown.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN and STERN, JJ., concur.

KERNS, J., concurs in the judgment.

KERNS, J., of the Second Appellate District, sitting for DUNCAN, J. JUDGE KERNS of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE DUNCAN and JUDGE KERNS did so and heard and considered this cause prior to the resignation of JUSTICE DUNCAN on November 28, 1971.

KERNS, J., concurring. I concur in the judgment in this case, but my adherence to the answer to the remedial question presented in the case of *State, ex rel. Shewalter,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 12, is predicated entirely upon the doctrine of *stare decisis.*