THE STATE, EX REL. MARTIN, APPELLEE and CROSS-APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS AND CROSS-APPELLEES.

(No. 72-791—Decided May 16, 1973.)

*Messrs. Cotruvo & Cusack* and *Miss Mary Jo Cusack,* for appellee and cross-appellant.

*Mr. William J. Brown,* attorney general, *Mr. Stephen T. Parisi, Mr. Nathaniel Hawthorne, Messrs. Jones, Day, Cockley & Reavis, Mr. Kenneth F. Seminatore, Mr. Keith A. Savidge* and *Mr. Robert B. Wolf,* for appellants and cross-appellees.

PAUL W. BROWN, J. The appellants argue that appellee's claimed permanent partial disability fails to pass the statutory test required by R. C. 4123.57(B) in that it is not, in the language of that statute, a ''permanent impairment evidenced by medical or clinical findings reasonably demonstrable.''

Appellants additionally argue that medical opinion based solely upon the subjective complaints of the claimant will not support an award based upon a finding of permanent partial disability because of the above-quoted statutory language.

Since the commission denied an award, the question before us is whether the quality of the medical opinions offered, based as they were solely upon a recitation of the subjective complaints by the claimant, was such that rejection of such opinions by the commission fell within the discretion entrusted to the commission by R. C. 4123.57(B). If it was, the resultant order was not such an order as might be attacked in a mandamus action.

Otherwise stated, the question is whether the Industrial Commission abused its discretion in rejecting its own doctors' findings, where such findings can be said to be ''based solely upon a recitation of the subjective complaints of the claimant.''

Appellants rely heavily upon *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9. Justice Leach, speaking for the court, at page 13, said:

"If, in fact, there was some reasonable basis for the commission's rejection of its own doctor's finding, such should not be left to mere speculation, but should have been placed in evidence and thus become a part of the record of this case.

"While the commission, may, of course, reject the findings or recommendations of its staff, such simply cannot be done arbitrarily. * * *"

The problem in this case is to determine whether the record discloses, as Justice Leach stated, a "reasonable basis for the commission's rejection of its own doctor's finding."

We note there were two such doctors. Dr. Davies stated: "There is no evident abnormality to inspection. * * * The deep tendon reflexes are hypoactive, they are symmetrical. * * * There are no abnormal physical findings. The permanent partial disability given below is based on the subjective complaints of pain." Dr. Davies then found that a permanent partial disability of minimal degree of four percent existed.

Dr. Richard M. Ward stated: "He had a normal range of hyperextension and right and left lateral bending, but did have subjective pain at all extremes. Straight leg raising was possible to ninety degrees bilaterally, but he had back pain at ninety degrees on the left side. His lower extremity deep tendon reflexes were normal, as was sensation to pin prick and touch. His peripheral pulses were present and equal. There was no weakness or atrophy"; that X-rays taken were "essentially normal." Dr. Ward was of the opinion that a ten percent permanent partial disability existed.

We cannot say that the findings of a physician, although largely or entirely based upon complaints of pain by a patient he is examining, are never "medical or clinical findings." The method of examination, the manner of the patient's response, and the circumstances surrounding the complaint may be such that an experienced physician may be persuaded that the complaint is a credible symptom.

*Teti* v. *Firestone Tire & Rubber Co.* (C. A. 6, 1968), 16 Ohio Misc. 80; *Winter* v. *Roberson Construction Co.* (1962), 70 N. M. 187, 191, 372 P. 2d 381; 6 American Jurisprudence Trials 137, Basis of Medical Testimony, Section 17; McBride, Disability Evaluation, 106.

We conclude, however, that the commission is not bound by such findings. The proper exercise of its discretion requires an evaluation of the medical testimony before it. Such evaluation properly includes an examination of the recited bases of the opinions given. We note that prior to the 1959 amendment of R. C. 4123.57(B) (128 Ohio Laws 743, 758), the Industrial Commission shared its responsibility in such cases with respect to determination of percentage of permanent partial disability with a medical advisory board. That former statute (126 Ohio Laws 1015, 1029) provided:

"The determination of the employee's permanent physical disability shall be based upon that pathological condition of the employee resulting from the injury and causing permanent physical impairment evidenced by medical or clinical findings reasonably demonstrable but if such findings are based solely upon the testimony of the claimant without corroboration by objective medical findings the commission shall cause a medical advisory board to determine whether the employee is physically disabled and the determination of the medical advisory board including its determination if any of the percentage of permanent physical disability of the employee shall be binding upon the commission. * * *"

Elimination of the language following the word "demonstrable," in amended R. C. 4123.57(B), evidences an intention by the General Assembly to eliminate the binding effect of the medical evaluation of the claimant's subjective complaints. Whether complaints of pain by the claimant may, in a proper case, support and permit an award by the commission, such complaints do not require, and do not compel, an award.

The writ of mandamus was therefore improperly al-

lowed. The judgment of the Court of Appeals is reversed. This disposition makes a ruling on the cross-appeal unnecessary.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN and W. BROWN, JJ., concur.
CELEBREZZE, J., dissents.