THE STATE, EX REL. CROCKER, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 82AP-724—Decided May 5, 1983.)

*Mr. David Lancione,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Thomas E. Skilken,* for respondent Industrial Commission.

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Robert A. Minor,* for respondent Creasey Corp.

MCCORMAC, J. Relator, David Crocker, commenced a mandamus action against the Industrial Commission and the Creasey Corporation, alleging that the Industrial Commission abused its discretion in granting relator temporary total disability compensation from January 28, 1980 to March 29, 1981, allocated fifty percent to claim No. 79-40471 and fifty percent to claim No. 78-315. Relator contends that the Industrial Commission had a clear legal duty to allocate compensation for relator for temporary total disability during that time at the rate of one hundred percent under claim No. 79-40471.

Respondents have denied any abuse of discretion.

The facts are not in dispute. Relator has suffered two industrial injuries in the course of his employment. On January 5, 1978, his claim for injuries to his left knee and left leg was allowed and designated claim No. 78-315. His second injury occurred on December 17, 1979, and his claim was allowed for fracture of his left

160

thumb and an injury to his low back area and designated claim No. 79-40471.

While relator was on temporary total disability compensation as a result of his second injury, his attending physician performed surgery on his left knee as a result of the injuries sustained in the first claim. The operation was performed on January 28, 1980, at which time relator was temporarily and totally disabled as a result of both of the injuries. In fact, either injury alone was sufficient to cause temporary and total disablement.

The Industrial Commission ordered that temporary total disability compensation be paid and that it be allocated fifty percent to each claim after the knee operation of January 28, 1980.

Relator contends that the Industrial Commission abused its discretion in failing to order the temporary total disability compensation to be paid at the rate of compensation for the 1979 injury only. The rate of compensation for the 1978 injury was less than for the 1979 injury.

According to the report of the attending physician, Dr. Kolodzik, which was the only evidence on the effect of the 1979 injuries, relator was temporarily totally disabled because of his 1979 back condition until March 1981.

The issue is whether the Industrial Commission may allocate payment of temporary total disability equally to two claims when each of the claims is sufficient in itself to result in temporary total disability.

The Industrial Commission did not abuse its discretion in apportioning relator's total disability between his two recognized claims. The Industrial Commission's decision was supported by the evidence before it and, hence, there was no abuse of discretion. *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9 [58 O.O.2d 66].

In this case, there was a mandatory duty, which the Industrial Commission recognized, to allow relator temporary total disability benefits for the period in question. However, there was no abuse of discretion in allocating the compensation equally to two recognized claims, each of which the evidence shows would have been sufficient to result in temporary total disability in itself. The Industrial Commission is not required to allocate the payments solely to the claim which would result in higher payments to the claimant.

The writ of mandamus is denied.

*Writ denied.*

STRAUSBAUGH and REILLY, JJ., concur.