THE STATE, EX REL. STANFORTH, APPELLANT, *v.* WASHINGTON DISTRIBUTORS, INC. ET AL., APPELLEES.

[Cite as State, ex rel. Stanforth, *v.* Washington Distributors, Inc. (1984), 11 Ohio St. 3d 236.]

(No. 83-584—Decided June 27, 1984.)

*Ms. Mary Jo Cusack,* for appellant.

*Messrs. Guren, Merritt, Feibel, Sogg & Cohen* and *Mr. Leon Friedberg,* for appellee, Washington Distributors, Inc.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Dennis L. Hufstader,* for appellee, Industrial Commission.

*Per Curiam.* Appellees argue and the court of appeals found, that Dr. Kubiac's report of September 4, 1980 was evidence to support the commission's decision not to extend appellant's temporary total disability benefits to April 6, 1981.

We disagree because the report of September 4, 1980 contained no opinion as to the duration of appellant's temporary total disability. The only evidence directed to that issue were the reports of Dr. Kubiac dated October 1, 1980, and April 20, 1981. In the first report Dr. Kubiac tentatively found that appellant's disability would terminate on October 15, 1980. Subsequently, he modified his opinion and determined that appellant could be released for work on April 6, 1981. This opinion has not been retracted or modified by Dr. Kubiac and no contrary medical evidence as to the duration of appellant's temporary total disability was before the commission.

Where there is no evidence upon which the commission could base its decision, an abuse of discretion is shown and mandamus becomes appropriate. *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9, 13 [58 O.O.2d 66].

Accordingly, the judgment of the court of appeals is reversed and the

writ is allowed to compel the commission to extend appellant's temporary total disability award to April 6, 1981.

*Judgment reversed*
*and writ allowed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., dissents.