OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Pavis, Appellant, v. General Motors Corporation, B.O.C. Group, et al., Appellees.

[Cite as State ex rel. Pavis v. Gen. Motors Corp., B.O.C. Group (1992),     Ohio St.3d    .]

Workers' compensation -- Commission is exclusively responsible for weighing and interpreting medical reports -- Where a key question is left unanswered, the commission is entitled to conclude that the medical report's persuasiveness is either diminished or negated.

(No. 91-533 -- Submitted July 29, 1992 -- Decided October 14, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 89AP-611.

In 1983, appellant-claimant, Mariann E. Pavis, was injured in the course of and arising from her employment with appellee General Motors Corporation, B.O.C. Group ("B.O.C."). Her workers' compensation claim was subsequently allowed for cervical and dorsal conditions. In late 1986, claimant was in a nonindustrial automobile accident, injuring her upper and lower back. On September 22, 1987, claimant filed a request with appellee Industrial Commission of Ohio for temporary total disability compensation from June 16, 1987, forward. She submitted a July 22, 1987 C84 attending physician's report and June 29, 1987 narrative from Dr. Donald J. Tamulonis, Jr. The C84 included "lumbosacral strain/spasm" among claimant's complaints and symptomatology. The narrative did likewise and concluded:

"* * * In summary, I feel Mariann Pavis's principal problems concern her industrial injury from November 1983. This problem has lingered despite my efforts and the many modalities employed to relieve her discomfort. The automobile accident on October 21, 1986, was a complicating event, but [sic] I felt produced only a moderate exacerbation of her discomfort which has resolved. Therefore, I feel her primary disabilities are related to the previous injury in 1983 at the General Motors Lordstown complex."

In July 1987 and in the months that followed, claimant submitted at least five additional C84s that listed

"lumbosacral sprain and spasm" as an ongoing problem.

Claimant was examined on the commission's behalf by Dr. Anthony M. Dominic.  Dr. Dominic discussed claimant's cervical symptomatology, but did not mention claimant's automobile accident or lumbosacral condition.  Dr. Dominic stated:

"I feel that claimant is substantially not able to perform her former job duties and tasks.  She is temporarily unable to return to her former position of employment.  * * *"

On March 9, 1988, a commission district hearing officer denied compensation, writing:

"* * * [T]here is insufficient probative medical proof in the file that claimant was temporarily and totally disabled due solely to the allowed conditions in the claim from June 16, 1987, through March 9, 1988 (date of hearing), inclusive, and, therefore, the District Hearing Officer specifically denies Temporary Total Compensation for the period June 16, 1987, through March 9, 1988, inclusive, in this claim.

"The District Hearing Officer notes that the condition 'lumbosacral strain/sprain' is not a recognized condition in this claim at this time.  * * *"

Both claimant and B.O.C. appealed this order to the regional board of review.

On the date of the regional board's hearing, claimant submitted a September 16, 1988 report from Dr. Tamulonis that concluded:

"* * * In answer to your fourth inquiry 'if hypothetically she had no low back problem' it is still my opinion that she is temporarily and totally disabled from working as a van inspector due solely to her cervical abnormalities."

The board affirmed the district hearing officer, based "* * * on the Claimant's and Employer's appeal, evidence in the file and/or evidence adduced at the hearing."

The commission refused claimant's further appeal.

Claimant filed a complaint in mandamus in the Court of appeals for Franklin County, claiming that the commission abused its discretion in denying her temporary total disability compensation.  B.O.C. cross-claimed on other grounds.  The appellate court rejected both claims and denied the writ.

This cause is now before this court upon an appeal as of right.

Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald E. Slipski and Steven L. Paulson, for appellant.

Letson, Griffith, Woodall & Lavelle Co., L.P.A., and James A. Neff, for appellee B.O.C. Group.

Lee I. Fisher, Attorney General, Dennis L. Hufstader and Teresa Oglesby McIntyre, Assistant Attorneys General, for appellee Industrial Commission.

Per Curiam.  Claimant's inability to return to her former position of employment is not challenged.  The parties instead question the possible contribution of nonallowed medical conditions to claimant's disability, based on Dr. Tamulonis's repeated references to nonrecognized low back problems.  These references prompted the commission to deny temporary total disability compensation from June 16, 1987 through March 9, 1988.  The appellate court upheld that decision and, upon

review, so do we.

Claimant asserts that any inconsistencies in the earlier Tamulonis reports were remedied by the doctor's September 16, 1988 narrative, which stated:

"'[I]f hypothetically she [claimant] had no low back problem' it is still my opinion that she is temporarily and totally disabled from working as a van inspector due solely to her cervical abnormalities."

Claimant's position ignores that the September 16, 1988 report post-dated the district hearing and could not have been relied on by the hearing officer. Given a lack of separate evidentiary findings by the regional board and the commission, we cannot conclude that either of those bodies relied on that report. State ex rel. DeMint v. Indus. Comm. (1990), 49 Ohio St.3d 19, 550 N.E.2d 174.

The removal of the September 1988 report from evidentiary consideration leaves numerous Tamulonis C84 reports which repeatedly referred to claimant's low back problems and a narrative which concluded that these problems did not contribute to claimant's disability. The commission's rejection of these reports and narrative as unpersuasive was within its discretion. State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

Dr. Dominic's report also indicated that claimant would not return to her former position of employment. Unlike Dr. Tamulonis, however, Dr. Dominic left the causal relationship question unanswered. Claimant argues that Dr. Dominic's confinement of his discussion to allowed conditions in effect attributed claimant's disability to these conditions. We disagree. Again, the commission is exclusively responsible for weighing and interpreting medical reports. Burley, supra. Where a key question is left unanswered, the commission is entitled to conclude that the medical report's persuasiveness is either diminished or negated.

In this same vein, claimant's reliance on State ex rel. Hutton v. Indus. Comm. (1972), 29 Ohio St.2d 9, 58 O.O.2d 66, 278 N.E.2d 34, is misplaced. Hutton prohibits the arbitrary rejection of competent medical proof. Rejection of Dr. Dominic's report in the instant case, however, was not arbitrary; it was based on a key question left unanswered.

The commission did not abuse its discretion in finding insufficient evidence to relate claimant's inability to work solely to her allowed conditions. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.