THE STATE EX REL. PAVIS, APPELLANT, *v.* GENERAL MOTORS
CORPORATION, B.O.C. GROUP, ET AL., APPELLEES.

[Cite as *State ex rel. Pavis v. Gen. Motors Corp.,
B.O.C. Group* (1992), 65 Ohio St.3d 30.]

(No. 91–533—Submitted July 29, 1992—Decided October 14, 1992.)

[redacted]

[redacted]

[redacted]

[redacted]

---

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald E. Slipski* and *Steven L. Paulson,* for appellant.

*Letson, Griffith, Woodall & Lavelle Co., L.P.A.,* and *James A. Neff,* for appellee B.O.C. Group.

*Lee I. Fisher,* Attorney General, *Dennis L. Hufstader* and *Teresa Oglesby McIntyre,* Assistant Attorneys General, for appellee Industrial Commission.

---

*Per Curiam.* Claimant's inability to return to her former position of employment is not challenged. The parties instead question the possible contribution of nonallowed medical conditions to claimant's disability, based on Dr. Tamulonis's repeated references to nonrecognized low back problems. These references prompted the commission to deny temporary total disability compensation from June 16, 1987 through March 9, 1988. The appellate court upheld that decision and, upon review, so do we.

Claimant asserts that any inconsistencies in the earlier Tamulonis reports were remedied by the doctor's September 16, 1988 narrative, which stated:

" '[I]f hypothetically she [claimant] had no low back problem' it is still my opinion that she is temporarily and totally disabled from working as a van inspector due solely to her cervical abnormalities."

Claimant's position ignores that the September 16, 1988 report post-dated the district hearing and could not have been relied on by the hearing officer. Given a lack of separate evidentiary findings by the regional board and the commission, we cannot conclude that either of those bodies relied on that report. *State ex rel. DeMint v. Indus. Comm.* (1990), 49 Ohio St.3d 19, 550 N.E.2d 174.

The removal of the September 1988 report from evidentiary consideration leaves numerous Tamulonis C84 reports which repeatedly referred to claimant's low back problems and a narrative which concluded that these problems did not contribute to claimant's disability. The commission's rejection of these reports and narrative as unpersuasive was within its discretion. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

Dr. Dominic's report also indicated that claimant would not return to her former position of employment. Unlike Dr. Tamulonis, however, Dr. Dominic left the causal relationship question unanswered. Claimant argues that Dr. Dominic's confinement of his discussion to allowed conditions in effect attributed claimant's disability to these conditions. We disagree. Again, the commission is exclusively responsible for weighing and interpreting medical reports. *Burley, supra.* Where a key question is left unanswered, the commission is entitled to conclude that the medical report's persuasiveness is either diminished or negated.

In this same vein, claimant's reliance on *State ex rel. Hutton v. Indus. Comm.* (1972), 29 Ohio St.2d 9, 58 O.O.2d 66, 278 N.E.2d 34, is misplaced. *Hutton* prohibits the arbitrary rejection of competent medical proof. Rejection of Dr. Dominic's report in the instant case, however, was not arbitrary; it was based on a key question left unanswered.

The commission did not abuse its discretion in finding insufficient evidence to relate claimant's inability to work solely to her allowed conditions. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.