DECISION
{¶ 1} In February 2001, relator, James A. Woolum, Jr., was diagnosed with carpal tunnel syndrome. His subsequent workers' compensation claim was allowed for the condition of "bilateral carpal tunnel syndrome."
 {¶ 2} On July 18, 2002, relator filed this original action seeking an order from this court directing the respondent Industrial Commission of Ohio ("commission") to vacate its order denying relator's application for temporary total disability ("TTD") compensation, and to issue an amended order granting relator's request for TTD compensation.
 {¶ 3} In accordance with Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, relator's complaint was referred to a magistrate of this court on July 24, 2002. After fully reviewing the briefs, stipulated record, and arguments submitted by counsel for the parties, the magistrate rendered a decision which includes comprehensive and appropriate findings of fact and conclusions of law. In that decision, the magistrate concluded that this court should deny relator's request for a writ of mandamus. The matter is now before the court upon the relator's objections to the magistrate's decision, which were filed on December 26, 2002.
 {¶ 4} As set forth by the magistrate, in order for this court to issue a writ of mandamus, relator must show that he has a clear legal right to the relief sought. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. Relator must also show that the commission has a clear legal duty to provide such relief. Id. Moreover, the decisions of the commission will not be overturned, nor will a writ of mandamus issue, so long as the decision is supported by "some evidence." State ex rel. Hudson v. Indus. Comm. (1984), 12 Ohio St.3d 169, 170. The "some evidence" standard reflects the established principle that the commission is in the best position to determine the weight and credibility of the evidence and disputed facts. State ex rel. Pavis v. Gen. Motors Corp., B.O.C. Group (1992), 65 Ohio St.3d 30, 33; State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 5} It is undisputed that voluntary abandonment of employment can preclude the payment of TTD compensation. State ex rel. Rockwell Internatl. v. Indus. Comm. (1988), 40 Ohio St.3d 44. In State ex rel. Watts v. Schottenstein Stores Corp. (1993), 68 Ohio St.3d 118, at 121, the Ohio Supreme Court explained:
 {¶ 6} "[F]iring can constitute a voluntary abandonment of the former position of employment. Although not generally consented to, discharge, like incarceration, is often a consequence of behavior that the claimant willingly undertook, and may thus take on a voluntary character. * * *"
 {¶ 7} After conducting an independent examination of the magistrate's December 11, 2002 decision, as well as a thorough review of the record, this court concludes that the relator has failed to come forward with proof that he has a clear legal right to receive TTD compensation. We also find that the magistrate properly discerned the pertinent legal issues and correctly applied the law to those issues. Relator's objections to the contrary, having completed an independent review of the record, we have found no error in the magistrate's findings of fact, analysis, or recommendation. Relator's objections to the magistrate's decision are therefore overruled.
 {¶ 8} Accordingly, pursuant to Civ.R. 53(E)(4)(b), we hereby adopt the magistrate's December 11, 2002 decision as our own, including the findings of fact and conclusions of law rendered therein. In accordance with the magistrate's decision, relator's request for a writ of mandamus is denied.
Objections overruled; writ denied.
BROWN and KLATT, JJ., concur.
 DECISION IN MANDAMUS {¶ 9} Relator, James A. Woolum, Jr., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for temporary total disability ("TTD") compensation and ordering the commission to find that relator is entitled to that requested compensation.
 {¶ 10} Findings of Fact:
 {¶ 11} 1. Relator contracted an occupational disease arising out of his employment and his claim was allowed for: "bilateral carpal tunnel syndrome." The date of diagnosis was found to be February 2, 2001.
 {¶ 12} 2. On September 7, 2001, relator filed a claim requesting the payment of TTD compensation.
 {¶ 13} 3. Respondent The Board of Trustees of The Marion Public Library ("employer") challenged the award of TTD compensation on the grounds that relator had been terminated from his employment with his employer as of January 18, 2001. In support of the argument that relator had been terminated effective January 18, 2001, the employer submitted the following: (a) A September 22, 2000 memo to relator regarding probation. The memo informed relator that he was being placed on indefinite probationary status effective September 21, 2000, as an alternative to dismissal and that the action was being taken because of an outburst towards his supervisor on September 7, 2000, which was determined to be insubordinate behavior. It was explained that relator understood that he was not to repeat this behavior in the future. Relator was reminded that his probationary status is the same as that for a new employee as defined in the policy manual; (b) The policy manual provides, in pertinent part, as follows:
 {¶ 14} "Pursuant to the Ohio Revised code, all employees of the Marion Public Library are employees at will. Employment at the Marion Public Library is not for any specific term and can be terminated at any time for any reason, or for no reason at all, by either the employee or the Marion Public Library, except as prohibited by Law. The policies set forth in this manual are not part of any employment contract. Marion Public Library cannot guarantee any future employment and Marion Public Library reserves the right to retain or terminate employees when it deems the action appropriate.
 {¶ 15} "If the work of an employee who has completed his probationary period is unsatisfactory, he shall be advised by the director and given a reasonable period to improve the quality and quantity of work to meet the desired standards.
 {¶ 16} "If his work continues to be unsatisfactory, he may be transferred to another position for a trial period, or he may be dismissed.
 {¶ 17} "A month's notice is given to staff members in professional positions, and two weeks notice to all other employees, before dismissal becomes effective, except in cases of serious misconduct. In every case, the employee shall have the right to present his case to the Board through the director.
 {¶ 18} "The library director may dismiss any employee who has not completed the prescribed probationary period any time his performance merits such as [sic] action."
 {¶ 19} (c) A February 2, 2001 memo to relator again explaining to relator that he could have been dismissed in September for gross insubordination but that the employer chose to place him on probation instead. The memo indicates further that in late November or early December, relator complained that he was being mistreated by his supervisor because relator had been assigned to strip the wax from the upstairs restroom. Upon investigation, it was discovered that the task assigned was not a difficult one and that it was well within the normal duties of relator's job classification. Relator's complaint was unfounded and was seen as an attempt to discredit his supervisor. This was considered to be a violation of the terms of his probation and, at that time, it was decided that relator would be dismissed. However, because of the upcoming Christmas holidays, relator was not dismissed until January 18, 2001. The memo also indicates that on January 25, 2001, relator requested that he be permitted to file a grievance against his employer. Relator was informed that he could not file a grievance because he was no longer an employee; however, relator was permitted to use the procedure as an appeal to his dismissal; (d) A summary of the February 13, 2001 meeting of the employer wherein it was voted that relator's appeal would be heard on February 20, 2001; and (e) Copies of the March 13, 2001 minutes indicating that no reason had been found to reverse relator's dismissal.
 {¶ 20} 4. Relator's motion for TTD compensation was heard before a district hearing officer ("DHO") on October 25, 2001, and resulted in an order denying the compensation on the basis that relator was terminated from his employment on January 18, 2001 after violating a work rule or policy. Relator had argued that the personnel policies were too vague and could not constitute the basis for a voluntary abandonment of employment. To the contrary, the DHO concluded that the personnel policies along with the September 22, 2000 and February 2, 2001 written memoranda clearly define the policies effecting relator due to previous disciplinary problems and that relator had been put on notice that further insubordination would constitute grounds for dismissal.
 {¶ 21} 5. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on December 18, 2001. The SHO affirmed the prior DHO order as follows:
 {¶ 22} "The claimant's request for payment of temporary total compensation from 1/18/2001 forward to date, remains denied. The date of diagnosis in this claim was previously determined to be 2/02/2001 but claimant was terminated on 1/18/2001 and the request for temporary total compensation coincides with the termination date. The Staff Hearing Officer denies the payment of temporary total compensation pursuant to State ex rel. Louisiana-Pacific Corp. v. Industrial Commission (1995),72 Ohio St.3d 401, as the Staff Hearing Officer finds that the claimant was discharged for violation of a written work rule and thereby is found to have voluntarily abandoned his former position of employment.
 {¶ 23} "The Staff Hearing Officer finds that the work rule was in writing, clearly defined the prohibited conduct, was identified previously by the employer as a dischargeable offense, and was known or should have been known to the claimant. The 9/22/2000 memo from the employer to the claimant indicates that claimant was being placed on an indefinite probationary status `as an alternative to dismissal' due to insubordinate behavior. That memo clearly states that insubordinate behavior normally results in dismissal. However, claimant was advised in that memo as to what behaviors involving his supervisor would be considered insubordination, one of which was arguing with the decisions of his supervisor. The claimant also was advised that the terms of `Probationary Status' was defined in the Policy Memo which was available to all staff. The Personnel Policy, dated 4/11/2000, as found on file indicates that any employee who has not completed probation may be dismissed any time his performance merits such an action. On 1/18/2001, claimant was terminated due to an incident where he complained about his supervisor and unfairness of work assignments. The Library Director indicated in a memo to the claimant dated 2/02/2001 that the complaint was `unfounded' and construed as further insubordination and claimant was dismissed for violating the terms of his probationary status. The Staff Hearing Officer finds that the requirements of Louisiana-Pacific were met and that the claimant voluntarily abandoned his former position of employment."
 {¶ 24} 6. Further appeal was refused by order of the commission mailed January 18, 2002.
 {¶ 25} 7. Thereafter, relator filed the instant mandamus action in this court.
 {¶ 26} Conclusions of Law:
 {¶ 27} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 28} It is undisputed that voluntary abandonment of the former position of employment can preclude payment of TTD compensation. State ex rel. Rockwell Internatl. v. Indus. Comm. (1988), 40 Ohio St.3d 44. In State ex rel. Watts v. Schottenstein Stores Corp. (1993),68 Ohio St.3d 118, 121, the court stated as follows:
 {¶ 29} "* * * [F]iring can constitute a voluntary abandonment of the former position of employment. Although not generally consented to, discharge, like incarceration, is often a consequence of behavior that the claimant willingly undertook, and may thus take on a voluntary character. * * *"
 {¶ 30} In State ex rel. Louisiana-Pacific Corp. v. Indus. Comm. (1995), 72 Ohio St.3d 401, the court characterized a firing as "voluntary" where that firing is generated by the employee's violation of a written work rule or policy which: (1) clearly defined the prohibited conduct; (2) had been previously identified by the employer as a dischargeable offense; and (3) was known or should have been known to the employee.
 {¶ 31} In the present case, the commission relied upon information concerning the employer's policies. The commission also relied upon memos which were provided to relator concerning his behavior and the fact that his behavior constituted grounds for dismissal. Relator had been informed that he was currently being considered a probationary employee and that he was subject to the policies regarding probationary employees. Pursuant to the employer's personnel policies, a probationary employee can be terminated at any time for any reason, or for no reason at all. In the present case, relator had been specifically informed of the conduct which the employer would consider as constituting grounds for discharge. The record supports the commission's finding that relator violated a written work policy which he knew would constitute grounds for dismissal.
 {¶ 32} Nowhere in this mandamus action does relator contend that he did not violate the employer's policy or that he behaved in a manner which he knew could lead to his discharge. Furthermore, relator does not raise again the arguments which he made to the commission, namely that the employer's policies were to vague. Instead, relator now contends that the personnel policies were not proper written work rules and that the library director did not have the authority to dismiss him. In State ex rel. Quarto Mining Co. v. Foreman (1997), 79 Ohio St.3d 78, the Ohio Supreme Court noted that reviewing courts do not have to consider an error which the complaining party could have called, but did not call, to the lower court's attention at a time when such error could have been avoided or corrected. As such, the court refused to permit a party from raising an issue for the first time in a mandamus proceeding in the court of appeals which argument had not been raised before the commission. Inasmuch as there is no evidence from the record that relator raised these arguments before the commission, relator cannot raise them here.
 {¶ 33} However, even if relator's arguments are considered, there is no evidence in the record to demonstrate that the personnel policy dated April 11, 2000, upon which the commission relied in reaching its decision, was not properly promulgated under R.C. 3375.40(H). Although relator makes this argument, he does not support it with any evidence. That policy provides a written work rule informing an employee covered under the probationary period that he can be terminated at any time and for any reason. In the present case, there is also written evidence that relator was very aware of what conduct his employer would consider insubordination and grounds for termination. As such, relator's argument that there was no valid work rule is without merit.
 {¶ 34} Furthermore, relator's argument that the library director did not have the authority to dismiss him is meritless. The personnel policy indicates that the "library director may dismiss any employee who has not completed the prescribed probationary period any time his performance merits such as [sic] action." As such, the power to dismiss an employee was not exclusively held by the library board itself as relator claims. However, the record does indicate that the library board permitted relator to challenge his dismissal, as provided in the personnel policy, and thereafter affirmed his dismissal. As such, this argument of relator's is likewise without merit.
 {¶ 35} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying his application for TTD compensation and relator's request for a writ of mandamus should be denied.