DECISION
{¶ 1} Relator, Kristen Kestler, commenced this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying her temporary total disability ("TTD") compensation beginning October 11, 2005, and to enter an order granting said compensation.
 {¶ 2} This court referred the matter to a magistrate of this court, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued *Page 2 
a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate recommended that this court deny relator's request for a writ of mandamus. Relator has filed objections to the magistrate's decision. Therefore, this matter is now before this court for a full, independent review.
 {¶ 3} By her objections, relator argues that the magistrate erred in finding that Dr. Scheidler's November 3, 2005 office note constituted some evidence upon which the commission could rely in denying her request for TTD compensation. In his decision, the magistrate noted that, in denying the request for TTD compensation, the staff hearing officer ("SHO") was particularly persuaded by Dr. Scheidler's November 3, 2005 office note that stated: "I have encouraged her that I feel like her getting back into work would be appropriate and, in my opinion and hers, as we discuss it, she feels that she could go back to work only she has no one to watch the baby." The magistrate found that "Dr. Scheidler's November 3, 2005 written notation of relator's admission is clearly some evidence upon which the commission can and did rely." (Magistrate's decision, at ¶ 39.)
 {¶ 4} Relator argues that, although Dr. Scheidler's note regarding conversations he had with relator do indicate that the two discussed relator getting back to "work," the "type of work is not specified and nowhere does he affirmatively state that she could return to her former position as a therapist at the Wellness Center." (Relator's memorandum in support of objections, at 2.) Relator contends that her "mere expression of a desire to return to the workforce in some capacity was not a sufficient basis to deny her application for TTD benefits[.]" Id.
 {¶ 5} Relator's characterization of Dr. Scheidler's note is reasonable. However, it also would be reasonable to interpret the note as demonstrating an admission by relator that she could return to the work she was previously doing, were it not for babysitting *Page 3 
issues. Viewed as such, the admission undermines Dr. Nobbs' C-84 certification of TTD beginning October 11, 2005. Therefore, we find that the magistrate did not err in concluding that Dr. Scheidler's November 3, 2005 written notation of relator's admission is some evidence upon which the commission can and did rely upon in rejecting Dr. Nobbs' C-84 certification.
 {¶ 6} Relator also argues in her objections that the magistrate erred in finding that a "key question" remained unanswered when considering Dr. Nobbs' C-84 certification of TTD beginning October 11, 2005. Relator contends that the "presence or absence of an October 11, 2005 treatment note did not change the fact that Dr. Nobbs was in a unique position in the matter," as he was not only the certifying chiropractor of record but also relator's employer. (Relator's memorandum in support of objections, at 3.) Relator states that Dr. Nobbs had personal knowledge of relator's circumstances, including "how her return to work attempt failed." Id. Relator also asserts that physician treatment notes dated around October 2005 "evidenced ongoing pain, objective sign of spasm, radiating leg pain and limited range of motion." Id. These arguments are unpersuasive.
 {¶ 7} As noted by the magistrate, where a key question is left unanswered, the commission is entitled to conclude that the medical report's persuasiveness is either diminished or negated. State ex rel.Pavis v. Gen. Motors Corp., B.O.C. Group (1992), 65 Ohio St.3d 30, 33. In denying the application for TTD compensation, the SHO was persuaded by the absence of a treatment note indicating the reason that relator "went off work on 10/11/2005." The DHO had determined, in an order that was administratively affirmed, that relator returned to work on October 3, 2005. Dr. Nobbs certified relator to be temporarily totally disabled beginning October 11, 2005. Even if Dr. Nobbs understood, based on his status as employer and treating physician, why relator stopped *Page 4 
working on October 11, 2005, despite returning to work eight days earlier, that information was not conveyed in any treatment note or report. Based on the record before us, we can only conclude that it was not unreasonable for the commission to find as significant the absence of any treatment note explaining why relator stopped working on October 11, 2005.
 {¶ 8} Therefore, we find that the magistrate did not err in resolving that the commission has stated a valid basis supported by some evidence for rejecting Dr. Nobbs' C-84 certification of TTD beginning October 11, 2005. Consequently, and contrary to relator's objections, we further find that the magistrate correctly resolved that it is unnecessary to determine whether Dr. Gula's report is some evidence upon which the commission can rely.
 {¶ 9} After independently reviewing this matter, we find that the magistrate has properly discerned the pertinent facts and applied the relevant law to those facts. Thus, we overrule relator's objections, and adopt the magistrate's decision as our own, including the magistrate's findings of fact and conclusions of law. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ denied.
McGRATH, J., concurs.
TYACK, J., dissents.