[Cite as *State ex rel. Medina v. Indus. Comm.*, 2016-Ohio-173.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Angelica Medina, | : | |
| Relator, | : | |
| v. | : | No. 15AP-29 |
| The Industrial Commission of Ohio and Normandy II Limited Partnership, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on January 19, 2016

*Wincek & DeRosa Co., LPA, Daryl Gagliardi* and *Christopher G. Wincek,* for relator.

*Michael DeWine*, Attorney General, and *Eric J. Tarbox,* for respondent Industrial Commission of Ohio.

*Deborah Sesek,* for respondent Normandy II Limited Partnership.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

HORTON, J.

{¶ 1} Relator, Angelica Medina, brings this original action seeking a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying her temporary total disability ("TTD") compensation, and to order the commission to enter an order awarding her TTD compensation.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. As reflected in the facts given in the magistrate's decision, Medina was working as a charge nurse for respondent Normandy II Limited Partnership, dba Normandy Manor of Rocky River ("Normandy"), on

June 18, 2013, when she reported slipping on a substance and falling. Following a hearing before a district hearing officer ("DHO") on December 17, 2013, Medina's claim was allowed for sprain/strain right jaw.

{¶ 3} After the incident, Medina was treated by a medical doctor and several dentists. On February 24, 2014, Medina changed physician of record to Todd S. Hochman, M.D. Dr. Hochman completed Medco-14 forms indicating that Medina was temporarily not released to any work, first from February 20 to May 31, 2014 and then from May 30 through September 10, 2014. Dr. Hochman submitted two additional Medco-14 forms certifying TTD through February 28, 2015.

{¶ 4} A physician review was conducted by Duke M. Rakich, DDS, and a subsequent report was prepared. Based on Dr. Rakich's report, in an order mailed May 9, 2014, the administrator for the Ohio Bureau of Workers' Compensation ("BWC") granted Medina's request for TTD compensation beginning February 20, 2014.

{¶ 5} In addition, Medina was examined by Kevin Trangle, M.D., on July 29, 2014. In his August 4, 2014 report, Dr. Trangle discussed the medical records which he reviewed, his physical findings upon examination, and concluded that Medina's allowed condition had reached maximum medical improvement ("MMI"), and that she could return to her former position of employment. However, Dr. Trangle's report does not offer an opinion as to whether or not Medina was temporarily and totally disabled on the claimed date of February 20, 2014.

{¶ 6} Normandy appealed the BWC's granting of Medina's request for TTD and the matter was heard before a DHO on August 28, 2014. As a result, the order of the administrator was vacated and the DHO denied Medina's request for TTD compensation finding that Medina's evidence did not support the conclusion that the current period of disability was related to the allowed condition, i.e., the sprain/strain of the right jaw. Medina's appeal was heard before a staff hearing officer ("SHO") on November 24, 2014. The SHO, likewise, denied the requested period of TTD compensation based on the medical report of Dr. Trangle. Further appeal was refused by order of the commission mailed December 13, 2014.

{¶ 7} Thereafter, Medina filed the instant mandamus action in this court. Medina argues that the evidence relied upon by the commission to deny her application for TTD

compensation does not constitute "some evidence," and this court should grant a writ of mandamus ordering the commission to award her TTD compensation.

{¶ 8} The magistrate has now rendered a decision and recommendation that includes findings of fact and conclusions of law and is appended to this decision. The magistrate concluded that:

> Dr. Trangle's report does not constitute some evidence upon which the commission could rely to deny her request for TTD compensation. Dr. Trangle failed to specifically discuss or identify the relevant time period for which she requested TTD compensation. Although Dr. Trangle's report constitutes some evidence relator reached MMI as of July 29, 2014, his report never addressed whether or not she was temporarily disabled beginning February 20, 201[4].
>
> Relator asks this court to order the commission to award her TTD compensation based on Dr. Hochman's report. However, the DHO had found that relator's evidence was insufficient to support an award of TTD compensation. The commission should have the opportunity to re-evaluate the issue without considering Dr. Trangle's report.
>
> Based on the forgoing, it is this magistrate's decision that relator has demonstrated that the commission abused its discretion by relying on the report of Dr. Trangle and this court should grant relator a writ of mandamus ordering the commission to re-evaluate whether or not she is entitled to an award of TTD compensation beginning February 20, 201[4].

(Magistrate's Decision, Appendix at ¶ 46-48.)

Normandy has filed objections to the magistrate's decision, and the matter is now before us for our independent review.

{¶ 9} Normandy filed the following objections to the magistrate's decision:

> [I.] The Magistrate applied the wrong legal standard to the order under review.
>
> [II.] The Magistrate erred in concluding that Dr. Trangle's report does not constitute some evidence upon which Respondent Commission could rely upon to deny Relator's request for temporary total disability compensation.

> [III.] The Magistrate erred by returning the matter to Respondent Commission to re-evaluate the issue without considering Dr. Trangle's report.
>
> [IV.] Having determined that Dr. Trangle did not specifically address whether Respondent was temporarily and totally disabled beginning February 20, 2014, the Magistrate erred by not limiting the Commission's re-evaluation to the period from February 20, 2014 through July 29, 2014.

{¶ 10} Pursuant to Civ.R. 53(D)(4)(d), we undertake an independent review of the objected matters "to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." A relator seeking a writ of mandamus must establish: " '(1) a clear legal right to the relief prayed for, (2) a clear legal duty upon respondent to perform the act requested, and (3) that relator has no plain and adequate remedy in the ordinary course of the law.' " *Kinsey v. Bd. of Trustees of the Police & Firemen's Disability & Pension Fund of Ohio,* 49 Ohio St.3d 224, 225 (1990), quoting *State ex rel. Consol. Rail Corp. v. Gorman,* 70 Ohio St. 2d 274, 275 (1982); *State ex rel. Fitzgerald v. Bd. of Trustees of Ohio Police & Fire Pension Fund,* 10th Dist. No. 14AP-968, 2015-Ohio-5079, ¶ 7. "A clear legal right exists where the [commission] abuses its discretion by entering an order which is not supported by 'some evidence.' " *Id.*

{¶ 11} This court will not determine that the commission abused its discretion when there is some evidence in the record to support the commission's finding. *State ex rel. Rouch v. Eagle Tool & Machine Co.,* 26 Ohio St.3d 197, 198 (1986); *State ex rel. Barnett v. Indus. Comm. of Ohio,* 10th Dist. No. 14AP-628, 2015-Ohio-3898, ¶ 9. The some evidence standard "reflects the established principle that the commission is in the best position to determine the weight and credibility of the evidence and disputed facts." *State ex rel. Woolum v. Indus. Comm.,* 10th Dist. No. 02AP-780, 2003-Ohio-3336, ¶ 4, citing *State ex rel. Pavis v. Gen. Motors Corp.,* 65 Ohio St.3d 30, 33 (1992).

{¶ 12} Normandy argues that "the Magistrate applied the wrong legal standard to the order under review" because "the Magistrate treated the order under review as one that terminated an ongoing award of TTD." (Normandy's Objections, 5-6.) While the standard for terminating TTD was stated in the magistrate's decision, it is not the basis for the recommendation of granting the writ. Our review of the magistrate's decision makes it clear that the magistrate addressed the correct legal issue: whether there is some evidence

in the record to support the commission's finding. The last line of the magistrate's decision orders the commission, on remand, to "re-evaluate whether or not [Medina] is entitled to an award of TTD compensation beginning February 20, 201[4]." We find that the magistrate did not use the wrong legal standard and, therefore, Normandy's first objection is overruled.

{¶ 13} Normandy argues that the report of Dr. Trangle was "some evidence" upon which the commission could rely to deny TTD beginning February 20, 2014. In its very first sentence under this objection, Normandy admits that Dr. Trangle offered no opinion "relat[ing] back to February 20, 2014." (Normandy's Objections, 8.) Indeed, Dr. Trangle never stated that he believed Medina could return to work in February 2014. Normandy is urging this court to speculate that Dr. Trangle believed that Medina could return to work in February 2014.

{¶ 14} Speculation about what Dr. Trangle believed is not evidence upon which the commission could rely. "[I]t is equally clear that the commission must have some medical evidence upon which to base those facts." *State ex rel. Steinbrunner v. Indus. Comm.,* 10th Dist. No. 05AP-626, 2006-Ohio-3444, ¶ 22. The commission lacks medical expertise and may not adjudicate medical matters without the necessary medical evidence. *State ex rel. Tracy v. Indus. Comm.,* 10th Dist. No. 07AP-88, 2007-Ohio-5792, ¶ 4. We find no error in the magistrate's determination that "Dr. Trangle's report does not constitute some evidence upon which the commission could rely to deny her request for TTD compensation" for the time period commencing on February 20, 2014. Normandy's second objection is overruled.

{¶ 15} Normandy argues that "[r]eturning the matter to the Commission with instructions to ignore Dr. Trangle's report is at least inconsistent with the magistrate's determination that his MMI finding constitutes some evidence barring TTD from the date of his July 29, 2014 examination forward." (Normandy's Objections, 15.) We note that the magistrate did find that "Dr. Trangle's report constitutes some evidence relator reached MMI as of July 29, 2014." Therefore, in order to clarify our instructions on remand, we modify the magistrate's decision to the extent that the commission can use Dr. Trangle's report, if it becomes relevant, as to when, if at all, Medina reached MMI. Accordingly, the third objection is overruled with the above modification.

{¶ 16} Normandy argues that the "Magistrate erred by not limiting the Commission's re-evaluation to the period from February 20, 2014 through July 29, 2014." (Normandy's Objections, 16.) In other words, Normandy is requesting that this court hold that Medina reached MMI as of the date of Dr. Trangle's report.  We note that "the commission is in the best position to determine the weight and credibility of the evidence and disputed facts."  *Woolum*.  In addition, "[t]he commission alone shall be responsible for the evaluation of the weight and credibility of the evidence before it." *State ex rel. Burley v. Coil Packing, Inc.,* 31 Ohio St.3d 18 (1987).  In light of the above and our adoption of the magistrate's decision, including the remand instruction "ordering the commission to re-evaluate whether or not [Medina] is entitled to an award of TTD compensation beginning February 20, 201[4],"  we decline to limit the commission's fact finding role.  Therefore, Normandy's fourth objection is overruled.

{¶ 17} Following our independent review, pursuant to Civ.R. 53, we find that the magistrate correctly determined that the order of the commission must be vacated because it is not supported by some evidence. The magistrate correctly explained that the commission could not rely on the report of Dr. Trangle because it does not address the relevant period of TTD.  We find the magistrate has properly determined the pertinent facts and applied the salient law to them.  Accordingly, the objections to the magistrate's decision are overruled and we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, with the modification that the commission can use Dr. Trangle's report as some evidence that, if it becomes relevant, Medina reached MMI as of July 29, 2014 or later.  In accordance with the magistrate's decision, we grant the request for a writ of mandamus as modified.

*Objections overruled; writ granted as modified.*

BROWN and SADLER, JJ., concur.

———————————

# A P P E N D I X

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Angelica Medina, | : | |
| Relator, | : | |
| v. | : | No. 15AP-29 |
| The Industrial Commission of Ohio and Normandy II Limited Partnership, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on July 22, 2015

*Wincek & DeRosa Co., LPA, Daryl Gagliardi* and *Christopher G. Wincek,* for relator.

*Michael DeWine*, Attorney General, and *Eric J. Tarbox,* for respondent Industrial Commission of Ohio.

*Deborah Sesek,* for respondent Normandy II Limited Partnership.

### IN MANDAMUS

{¶ 18} Relator, Angelica Medina, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which denied her application for temporary total disability ("TTD") compensation, and ordering the commission to find that she is entitled to that compensation.

Findings of Fact:

{¶ 19} 1. Relator was working as a charge nurse for respondent, Normandy II Partnership dba Normandy Manor of Rocky River ("Normandy"), on June 18, 2013, when she reported slipping on an unidentified substance and falling.

{¶ 20} 2. Relator first sought treatment with her primary care physician Maria S. L. Neri Nixon, M.D., on July 8, 2013. At that time, relator complained of pain in her right jaw as well as pain in her right hand and right knee. Her main concern was the jaw pain along with headaches and occasional blurred vision she had been experiencing since the fall. Dr. Nixon diagnosed relator with jaw pain, right hand pain, right knee pain, headache, recommended that she get an x-ray of her knee, consult to orthopedics, and to dentistry.

{¶ 21} 3. Relator was examined by John E. Buzzelli, DDS, on July 11, 2013. In a letter dated September 9, 2013, Dr. Buzzelli stated:

> That day's clinical exam revealed pain in the right temporal mandibular joint (TMJ) upon opening and closing pressure on cotton rolls. Palpation of the right TMJ was especially tender at the head of the condyle upon opening. Angelica was also aware of an audible "popping" sound in the right TMJ upon opening.
>
> Although, these findings are all consistent with hard and soft tissue trauma resulting from a fall like Angelica described, I did advise her to see an oral surgeon and have him take an extra oral panographic x-ray to examine in more detail the mandible and TMJ to rule out the possibility of a fracture. We provided her with several referrals to area oral surgeons.

{¶ 22} 4. Dale A. Baur, DDS, referred relator for a CT scan to rule out condylar fracture of the mandible. The CT scan revealed the following:

> CT the paranasal sinuses and facial bones is unremarkable. There is no evidence of fractures. Specifically, the mandible and temporomandibular joints are unremarkable. There is slight deformity of the right mandibular condyle compatible with temporal mandibular joint arthropathy. Diagnostic interpretation was performed on the Campus of Case Western Reserve University.

{¶ 23} Dr. Baur further recommended that relator avoid heavy lifting and strenuous activities, and that she and Normandy agree to a light-duty assignment.

{¶ 24} 5. On August 27, 2013, Dr. Baur discussed treatment options with relator, noting the following:

> [Patient] in for [follow up] discussion about surgery options regarding her right sided TMJ degeneration 2/2 trauma, discussed total joint replacement vs arthrocentesis and steroid injection. After discussion, [patient] decided to start with arthrocentesis and go from there if necessary same surgical date 9/12/13.

{¶ 25} 6. Maximillian Beushausen, DMD, took relator off work until after her outpatient oral procedure.

{¶ 26} 7. Relator never underwent the recommended surgery for her jaw.

{¶ 27} 8. Following a hearing before a district hearing officer ("DHO") on December 17, 2013, relator's claim was allowed for sprain/strain right jaw.

{¶ 28} 9. Normandy appealed the claim allowance; however, following a hearing before a staff hearing officer ("SHO"), the order of the DHO was affirmed.

{¶ 29} 10. On February 24, 2014, relator changed physicians of record to Todd S. Hochman, M.D.

{¶ 30} 11. After a follow up visit on April 4, 2014, Dr. Hochman stated:

> The patient was working for Normandy Manor of Rocky River as a registered nurse when she was injured. * * * She landed on her right side. She reports that she struck her right lower extremity, her right knee, and her jaw. She could not get up from the floor because she was dizzy. She had pain throughout the right hand and right knee and a headache. She was having difficulty with her jaw. She developed blurred vision and headaches. She has difficulty chewing and felt like there was clicking and the jaw was making a "sandpaper" sound. * * * The patient was sent to Dr. Dale Baur at Case Western Reserve University/University Hospitals. A CT scan was completed. Reportedly, there was concern for fracture. I was able to review the notes. I was able to review the CT scan report. Dr. Baur did document a condylar fracture but I did not see that commented on the CT scan. The patient is still having problems. The claim has been recognized for the right jaw sprain/strain (848.1). I will submit the C-9 to get her back in to see Dr. Baur.
>
> * * *

> The patient is still having difficulty. Claim No. 13-836245 has been recognized for the right jaw sprain/strain (848.1). I will submit the C-9 to get the patient back in to see Dr. Baur. I am going to see if I can get a copy of the medical records from Dr. Hritz at Orthopedic Associates. She is out of work. The date of disability is good through May 31, 2014. She will return in 1 month.

{¶ 31} 12. Dr. Hochman completed Medco-14 forms indicating that relator was temporarily not released to any work, first from February 20 to May 31, 2014 and then from May 30 through September 10, 2014.

{¶ 32} 13. Relator was examined by Kevin Trangle, M.D., on July 29, 2014. In his August 4, 2014 report, Dr. Trangle identified and discussed the medical records which he reviewed, provided his physical findings upon examination, concluded that relator's allowed condition had reached maximum medical improvement ("MMI"), and that she could return to her former position of employment. In relevant part, Dr. Trangle stated:

> Currently, her complaints are quite expansive. She states she has jaw pain, dizziness and headache. She cannot concentrate. She has trouble walking because of her unsteadiness. She complains of right hand pain and inability to grip, lift objects or twist or turn with her right hand. She states her right knee locks on her and gives away on her. She has not fallen, but she has to stop and almost has fallen. She has to stop occasionally also to unlock her knee. She complains of generalized weakness and fatigue and inability to concentrate.
>
> * * *
>
> She has full range of motion of her jaw with no obvious clicking or dislocations. She does complain of some discomfort when she opens her mouth.
>
> * * *
>
> Based upon the allowed claim of jaw sprain and strain, this individual clearly has reached the point of Maximum Medical Improvement [MMI]. She may have some discomfort in her right jaw when she opens and closes her mouth and that would be the extent of the jaw sprain and strain.

Her complaints, however, part of the reason she states she is not working, are way more extensive than that. They consist of ongoing intermittent headaches, inability to concentrate, dizziness, unsteadiness in her gait, fatigue and lack of endurance, as well as cognitive dysfunction. None of these could be attributed to a jaw sprain or strain.

Based upon the allowed claim, she can return to her usual job and her usual activities as a charge nurse. There is no reason that she cannot do it based upon a jaw sprain and strain. Even if her ongoing problems with the jaw are present, this is not an area that would be affected by lifting, twisting, turning or doing any of the physical activities that may be required as a charge nurse.

There is no point in having her follow up with Dr. Bauer [sic]. She is not interested in having a mandibulectomy performed by Dr. Bauer [sic] and at most, she would want a second opinion from a different oral surgeon on the best approach in terms of her jaw. Clearly, she does not want to see Dr. Bauer [sic] in therapy and have surgery as recommended.

{¶ 33} 14. Following Dr. Trangle's examination, Dr. Hochman submitted two additional Medco-14s certifying TTD through February 28, 2015.

{¶ 34} 15. A physician review was performed by Duke M. Rakich, DDS, and, in his report dated May 6, 2014, Dr. Rakich noted:

I have reviewed and accepted the allowed conditions in this claim, it does appear that there is a direct correlation between the requested period of disability and is related to the allowed worker's compensation injury. Dale A. Baur, D.D.S. stated in his letter dated August 16, 2013, that the injured worker "should avoid heavy lifting and strenuous activities until advised otherwise." There is no documentation for review that states that the [Injured Worker] has gone through therapy and has been released from Dr. Baur's recommendations. Therefore, with the documentation provided for review, there is support for the requested period of disability from 8-14-13 to 5-13-14 and is related to the injured worker's 6-18-13 allowed worker's compensation injury. If I can be of any further assistance, please contact me at my office.

{¶ 35} 16.  In an order mailed May 9, 2014, the administrator for the Ohio Bureau of Workers' Compensation ("BWC") granted relator's request for TTD compensation beginning February 20, 2014 based upon Dr. Rakich's report.

{¶ 36} 17.  Normandy appealed and the matter was heard before a DHO on August 28, 2014.  The order of the administrator was vacated and the DHO denied relator's request for TTD compensation finding that relator's evidence did not support the conclusion that the current period of disability was related to the allowed condition in the claim.  Specifically, the DHO stated:

> This claim is allowed for a Jaw Sprain/Strain that occurred on 06/18/2013. The Injured Worker was scheduled for surgery in 2013 for jaw issues and conditions (s) [sic] that are not allowed in this claim. To date, surgery has not been performed. The medical records support a conclusion that the ongoing symptoms that the Injured Worker has been experiencing are not [d]ue to a Jaw Sprain/Strain. Therefore, the evidence does not support a conclusion that the requested dentist follow up and a recent and current period of disability are due to the allowed condition in this claim.
>
> This order is based upon the medical records in the claim file from Dr. Beushausen dated 08/27/2013, from Dr. Baur dated 08/16/2013 and 08/27/2013, the CT scan dated 08/16/2014, and Dr. Trangle dated 08/04/2014.

{¶ 37} 18.  Relator's appeal was heard before an SHO on November 24, 2014.  The SHO, likewise, denied the requested period of TTD compensation based on the medical report of Dr. Trangle.  Specifically, the SHO stated:

> The Staff Hearing Officer denies temporary total compensation from 02/20/2014 through 08/28/2014 relying on the report and opinion of Kevin Trangle, M.D. dated 08/04/2014 and the review of the medical evidence on file.
>
> The Staff Hearing Officer approves the C-9 from Todd Hochman, M.D. dated 04/04/2014. This C-9 requests a dental follow-up with Dale Bauer [sic], DDS. It is noted that there is no medical evidence to indicate that the allowed jaw sprain/strain has resolved in this claim. Dr. Trangle indicates that the Injured Worker should not go back to Dr. Bauer [sic] because the Injured Worker does not want to go back to Dr. Bauer [sic]. However, the Injured Worker

seemed to indicate at this hearing that she wants to follow up
with Dr. Bauer [sic], as requested by the treating physician.

{¶ 38} 19.  Further appeal was refused by order of the commission mailed December 13, 2014.

{¶ 39} 20.  Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 40} Relator argues that the evidence relied upon by the commission to deny her application for TTD compensation does not constitute some evidence and this court should grant a writ of mandamus ordering the commission to award her TTD compensation.

{¶ 41} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.  *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 42} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief.  *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).  A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.  *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986).  On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate.  *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987).  Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.  *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 43} TTD compensation awarded pursuant to R.C. 4123.56  has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment.  Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's

treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached MMI. *See* R.C. 4123.56(A) ; *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982).

{¶ 44} In denying her application for TTD compensation, the commission specifically relied on the August 4, 2014 report of Dr. Trangle. Relator asserts that Dr. Trangle's report does not constitute some evidence upon which the commission could rely because "Dr. Trangle did not offer an opinion whether Mrs. Medina was temporarily and totally disabled as to any time period before he examined Mrs. Medina in August, 2014." (Relator's brief, 14.)

{¶ 45} At the outset of his report, Dr. Trangle indicated that he was being asked to determine treatment, the extent of impairment, return to work status, and temporary total impairment. Dr. Trangle specifically discussed the medical records documenting relator's treatment since the date of injury as well as her current complaints, and concluded that her allowed condition had reached MMI. Dr. Trangle provided his physical findings upon examination and concluded that relator's current complaints, including ongoing intermittent headaches, inability to concentrate, dizziness, unsteadiness in gait, fatigue, lack of endurance, and cognitive dysfunction could not be attributed to the allowed condition of jaw sprain/strain. Based solely on the allowed condition in her claim, Dr. Trangle opined that relator could return to her usual job and her usual activities as a charge nurse without restrictions.

{¶ 46} The magistrate finds that Dr. Trangle's report does not constitute some evidence upon which the commission could rely to deny her request for TTD compensation. Dr. Trangle failed to specifically discuss or identify the relevant time period for which she requested TTD compensation. Although Dr. Trangle's report constitutes some evidence relator reached MMI as of July 29, 2014, his report never addressed whether or not she was temporarily disabled beginning February 20, 2015.

{¶ 47} Relator asks this court to order the commission to award her TTD compensation based on Dr. Hochman's report. However, the DHO had found that relator's evidence was insufficient to support an award of TTD compensation. The

commission should have the opportunity to re-evaluate the issue without considering Dr. Trangle's report.

{¶ 48} Based on the forgoing, it is this magistrate's decision that relator has demonstrated that the commission abused its discretion by relying on the report of Dr. Trangle and this court should grant relator a writ of mandamus ordering the commission to re-evaluate whether or not she is entitled to an award of TTD compensation beginning February 20, 2015.


/S/ MAGISTRATE
STEPHANIE BISCA


### NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).