[Cite as *Mitton v. Indus. Comm.*, 2021-Ohio-1640.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Edward W. Mitton, | : | |
| Relator, | : | |
| | : | No. 19AP-822 |
| v. | : | (REGULAR CALENDAR) |
| Industrial Commission of Ohio et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on May 11, 2021

**On brief:** *Craigg E. Gould,* for relator.

**On brief:** *Dave Yost,* Attorney General, and *Lauren A. Kemp,* for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1} Relator, Edward W. Mitton, initiated this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying his application for permanent total disability ("PTD") compensation and to enter an order granting his application.

{¶ 2} This court referred the matter to a magistrate pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate rendered a decision that includes findings of fact and conclusions of law. The magistrate's decision, which is appended hereto, recommends this court deny relator's request for a writ of mandamus.

{¶ 3} Relator has filed objections to the magistrate's decision. Therefore, we must independently review the decision to ascertain whether "the magistrate has properly

determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d). Relator does not challenge the magistrate's recitation of the pertinent facts; however, he objects to the magistrate's conclusion that the commission did not abuse its discretion in denying his application for PTD compensation.  More specifically, relator asserts (1) the magistrate improperly found the commission's reliance on the report of Akram Sadaka, M.D., was some evidence to support the denial of relator's PTD application, and (2) the magistrate misinterpreted relevant caselaw in recommending denial of the writ of mandamus.

{¶ 4}  The relevant inquiry in a PTD determination is the claimant's ability to do any sustained remunerative employment.  *State ex rel. Domjancic v. Indus. Comm.*, 69 Ohio St.3d 693, 695 (1994); Ohio Adm.Code 4121-3-34(B)(1).  This court will not determine that the commission abused its discretion in denying an application for PTD compensation when there is some evidence in the record to support the commission's finding.  *State ex rel. Rouch v. Eagle Tool & Machine Co.*, 26 Ohio St.3d 197, 198 (1986).  The some evidence standard "reflects the established principle that the commission is in the best position to determine the weight and credibility of the evidence and disputed facts."  *State ex rel. Woolum v. Indus. Comm.*, 10th Dist. No. 02AP-780, 2003-Ohio-3336, ¶ 4, citing *State ex rel. Pavis v. Gen. Motors Corp., B.O.C. Group*, 65 Ohio St.3d 30, 33 (1992).

{¶ 5}  In denying relator's application for PTD compensation, the commission relied on the report of Dr. Sadaka to support its finding that relator was not permanently and totally disabled.  In his report, Dr. Sadaka stated, unequivocally, that relator was capable of sedentary work even considering certain limitations on the use of his right-arm prothesis.  Relator argues Dr. Sadaka's report impermissibly relied on non-allowed conditions, but his argument misconstrues Dr. Sadaka's report.  In considering relator's ability to engage in sustained remunerative employment, Dr. Sadaka rendered an opinion that considered relator's allowed condition as it related to his overall abilities.  Thus, we disagree with relator's characterization of Dr. Sadaka's report.  Instead, we agree with the magistrate that Dr. Sadaka's report constituted some evidence upon which the commission could rely to deny relator's PTD application, and relator did not meet his burden of demonstrating the commission abused its discretion in relying on Dr. Sadaka's report. Accordingly, we overrule relator's first objection to the magistrate's decision.

{¶ 6}   Furthermore, we do not agree with relator that the magistrate misinterpreted the relevant case law in recommending denial of his requested writ of mandamus. Specifically, relator argues the magistrate misinterpreted this court's decision in *State ex rel. Honda of Am. Mfg. v. Indus. Comm.*, 10th Dist. No. 15AP-1064, 2017-Ohio-2627, by relying on that case for the proposition that an injured worker is capable of performing sustained remunerative employment with only one arm.   Again, relator repeats his argument that consideration of an application for PTD must be based only on the allowed conditions, but he ignores that his argument conflates the concept of the limitations resulting from the allowed conditions with the concept of consideration of non-allowed conditions.   Here, we agree with the magistrate that Dr. Sadaka's report appropriately considered the limitations imposed by relator's allowed conditions, and, based on that report, the commission could conclude that relator had the residual functional capacity to perform sedentary work based upon the allowed conditions.   Therefore, we overrule relator's second and final objection to the magistrate's decision.

{¶ 7}   Following our independent review of the record pursuant to Civ.R. 53, we find the magistrate correctly determined that relator is not entitled to the requested writ of mandamus.  Accordingly, we adopt the magistrate's decision, including the findings of fact and conclusions of law therein.   Having overruled relator's objections to the magistrate's decision, we deny relator's request for a writ of mandamus.

*Objections overruled;*
*writ of mandamus denied.*

SADLER and BEATTY BLUNT, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Edward W. Mitton, | : | |
| Relator, | : | |
| v. | : | No. 19AP-822 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 17, 2020

*Craigg E. Gould,* for relator.

*Dave Yost,* Attorney General, and *Lauren A. Kemp,* for respondent Industrial Commission of Ohio.

IN MANDAMUS

**{¶ 8}** Relator, Edward W. Mitton ("claimant"), has filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order that denied his application for permanent total disability ("PTD") compensation, and to enter an order granting the compensation.

Findings of Fact:

**{¶ 9}** 1. On February 18, 2016, claimant sustained an industrial injury while in the course of his employment with respondent, Sunfield, Inc. ("employer"), when his right

arm was caught in a die press, resulting in the amputation of his right arm between his right shoulder and elbow. His workers' compensation claim was allowed for the following conditions: complete traumatic amputation at level between right shoulder and elbow, right arm; other open displaced fracture of the lower end of right humerus; other open fracture upper end of right radius, type 3A/B/C; and other open fracture upper end of right ulna, type 3A/B/C.

{¶ 10} 2. On February 4, 2019, claimant filed an application for PTD compensation.

{¶ 11} 3. On April 26, 2019, claimant was examined for his allowed physical conditions by Dr. Akram Sadaka at the request of the commission. In his report of the same date, Dr. Sadaka found the following: (1) claimant had no clinically detectable physical impairment beyond the amputated anatomical part and mild limited range of motion of the right shoulder joint; (2) claimant is able to drive a car and helps his wife with cooking and housework; (3) the muscle mass of his stump appears to be well formed and non-contracted; (4) the stump muscles move on command and move the shoulder joint in all directions with minimal restrictions; (5) there is no evidence of motor or sensory deficit in the right upper extremity above the amputation line; (6) there is no subcutaneous protracting bone or palpable neuroma effects; (7) claimant has always been left handed, and the injury was to his right arm; (8) claimant has reached maximum medical improvement; (9) claimant has a whole person impairment of 57% based upon his allowed conditions; (10) claimant would not be realistically capable of lifting objects at or above 20 pounds on a regular basis in a work setting; (11) claimant would not likely be able to use the right arm prosthesis in true gainful work activities on a regular basis eight hours per day, five days per week; and (12) claimant is limited to sedentary work activities permanently as a result of the allowed physical conditions. Sedentary work was defined in the physical strength rating completed by Dr. Sadaka as exerting up to ten pounds of force occasionally and/or a negligible amount of force frequently to lift, carry, push, pull, or otherwise move objects; sitting most of the time, but may involve walking or standing for brief periods of time; and when walking and standing are required only occasionally and all other sedentary criteria are met.

{¶ 12} 4. After a July 25, 2019,hearing, a staff hearing officer ("SHO") denied the application for PTD. In the August 22, 2019 order, the SHO found the following: (1) based upon the April 26, 2019, report of Dr. Sadaka, claimant has the residual functional capacity to perform sedentary work; (2) with regard to non-medical disability factors, claimants age, education, and work experience are positive vocational factors; and (3) when considered with claimant's degree of medical impairment in conjunction with his non-medical disability factors, claimant is capable of returning to sustained remunerative employment and is not permanently and totally disabled.

{¶ 13} 5. On September 9, 2019, claimant filed a request for reconsideration.

{¶ 14} 6. On September 14, 2019, the commission denied claimant's request for reconsideration and his request for continuing jurisdiction pursuant to R.C. 4123.52.

{¶ 15} 7. On December 5, 2019, claimant filed a complaint for writ of mandamus, requesting that this court vacate its order that denied claimant PTD compensation, and enter an order granting the compensation.

{¶ 16} 8. A magistrate of this court was appointed in this case, and on August 10, 2020, the current magistrate was appointed and substituted as magistrate.

Conclusions of Law and Discussion:

{¶ 17} The magistrate recommends that this court deny claimant's complaint for a writ of mandamus.

{¶ 18} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 19} " 'Permanent total disability' means the inability to perform sustained remunerative employment due to the allowed conditions in the claim." Ohio Adm.Code 4121-3-34(B)(1). A court must uphold a factual determination by the commission as long as it is supported by "some evidence" in the record, regardless of whether evidence supporting a contrary conclusion also exists, even if the contrary evidence is greater in quality or quantity. *State ex rel. Vonderheide v. Multi-Color Corp.*, 156 Ohio St.3d 403, 2019-Ohio-1270, ¶ 14. Evaluation of the weight and credibility of the evidence is the

exclusive province of the commission, which "has substantial leeway in both interpreting and drawing inferences from the evidence before it." *State ex rel. Lawson v. Mondie Forge*, 104 Ohio St.3d 39, 2004-Ohio-6086, ¶ 34.

{¶ 20} In the present matter, claimant asserts that the commission abused its discretion when it denied PTD to claimant based upon the report of Dr. Sadaka. Claimant points out that Dr. Sadaka clearly opined that claimant was not capable of using his right arm in true gainful work activities. Claimant also argues that Dr. Sadaka did not elaborate on the number of hours that claimant could possibly work, but merely stated he would not likely be able to use his right arm prosthesis in true gainful work activities on a regular basis eight hours per day, five days per week; thus, Dr. Sadaka's report cannot constitute some evidence that he could engage in sustained remunerative employment. Claimant further claims that when functional abilities are so limited that only brief periods of work are possible, these brief periods do not constitute sustained remunerative employment.

{¶ 21} With regard to the commission's reliance upon the report of Dr. Sadaka, the report provided some evidence to support the commission's determination to deny claimant PTD compensation. Initially, Dr. Sadaka unequivocally concluded claimant was capable of sedentary work. Notwithstanding, the underlying gist of claimant's argument is that he cannot be capable of sedentary work when Dr. Sadaka found he was not capable of using his right-arm prosthesis in true gainful work activities on a regular basis eight hours per day, five days per week. However, Dr. Sadaka's finding related only to claimant's use of his non-dominant right arm in performing work activities, and not the use of his dominant left arm and other parts of his body in performing work activities. Thus, Dr. Sadaka's work-time limitation was a limitation on claimant's use of his right arm only and, specifically, the use of his right-arm prosthesis. Dr. Sadaka placed no time limitation on claimant's overall ability to perform sedentary work using his entire body. Theref0re, despite claimant's argument that Dr. Sadaka failed to indicate the precise number of hours that he could possibly work, there was no need to do so because he put no time limitation on his overall ability to use his entire body to perform sedentary work. The only specific limitation Dr. Sadaka placed on claimant was a 20-pound lifting limitation. Dr. Sadaka's conclusion that claimant could perform sedentary work, even considering his right-arm-prosthesis limitation and 20-pound lifting limitation, provided

some evidence for the commission's determination. This court has before found that an injured worker is capable of performing sustained remunerative employment with only the use of one arm or hand. *See State ex rel. Honda of Am. Mfg. v. Indus. Comm.*, 10th Dist. No. 15AP-1064, 2017-Ohio-2627, ¶ 54 (finding that certain work can be performed with one hand/arm, and the commission can make the determination that an injured worker is capable of performing some sustained remunerative employment with one hand/arm). Based upon Dr. Sadaka's findings, the commission could conclude that claimant had the residual functional capacity to perform sedentary work based upon the allowed conditions. Claimant has failed to show a clear legal right to the relief sought or a clear legal duty on the part of the commission to provide such relief.

{¶ 22} Accordingly, it is the magistrate's recommendation that this court should deny claimant's complaint for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).